**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0901-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TONG CHENG,

    Defendant-Appellant.

_____

Submitted October 28, 2025 – Decided November 10, 2025

Before Judges Gilson and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 21-04-0326.

Jennifer N. Sellitti, Public Defender, attorney for appellant (James D. O'Kelly, Designated Counsel, on the briefs).

Wayne Mello, Acting Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief; Josemiguel Rodriguez, Special Deputy Attorney General/Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Tong Cheng appeals from an October 11, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge John A. Young, Jr.'s thorough and well-reasoned written opinion.

The State alleged that on August 7, 2020, in Jersey City, defendant stabbed his roommate multiple times with a knife, killing him. On August 10, police located defendant at a hotel in Weehawken. Forensic testing matched his DNA to blood found on the murder weapon. Defendant was indicted by a Hudson County grand jury and charged with first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d).

On May 11, 2022, he pleaded guilty to aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), in exchange for the State's agreement to recommend a sentence of thirty years in New Jersey State Prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and dismissal of all other charges. At the plea hearing, defendant testified he did not have any questions for his trial counsel, had enough time to discuss "everything" with trial counsel, and was satisfied

2

with trial counsel's services. He testified that he had a confrontation with the victim and, during that confrontation, stabbed the victim with a knife "a number of times."

At the sentencing hearing, trial counsel explained defendant was raised in China and his father "was an alcoholic" and "was physically and mentally abusive" toward defendant and his mother. After transferring to college in the United States, defendant obtained a degree in mathematics and a master's degree in statistics. He was under tremendous pressure to obtain a job, "give [his family in China] money[,] [and] get them out of the poverty that they were in." His family "wanted him to support them." He was isolated and had a difficult time finding a job and "he was lost." "He was facing deportation in September [2020]. He had a family who he . . . disappointed because he could[ not] get a job." According to his attorney, that was "what was going on in his life that led to" the stabbing.

Trial counsel asked the court to find mitigating factors seven, "[t]he defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense," N.J.S.A. 2C:44-1(b)(7); eight, "[t]he defendant's conduct was the result of circumstances unlikely to recur," N.J.S.A. 2C:44-1(b)(8); and nine,

3

"[t]he character and attitude of the defendant indicate that the defendant is unlikely to commit another offense," N.J.S.A. 2C:44-1(b)(9). He asked the court to impose a sentence of fifteen years, subject to NERA.

Defendant made a statement in which he addressed the victim's family and stated he was "truly sorry," and "full of remorse," and that he felt "regret for what [he had] done and every day [he] was living in a state of sorrow and pain." He told the family "no matter how hard [he] tr[ies], [he] cannot and will never grasp how heartbroken the incident has made [them], but every time [he] repent[s] of what [he did], [he] apologize[s] for [their] bereavement."

The court found aggravating factors one, "[t]he nature and circumstances of the offense, and the role of the actor in committing the offense, including whether or not it was committed in and especially heinous, cruel, or depraved manner," N.J.S.A. 2C:44-1(a)(1), and nine, "[t]he need for deterring the defendant and others from violating the law," N.J.S.A. 2C:44-1(a)(9), applied. It found mitigating factor seven applied and that the aggravating factors substantially outweighed the sole mitigating factor. Defendant was sentenced to twenty-eight years in prison, subject to NERA.

We affirmed defendant's sentence on the sentencing oral argument calendar. State of New Jersey v. Cheng, Docket No. A-003994-21 (App. Div.

4

Feb. 7, 2023). On June 20, 2023, our Supreme Court denied certification. State of New Jersey v. Cheng, 254 N.J. 203 (2023).

On July 12, 2023, defendant filed a pro se petition for PCR. He asserted he was denied proper representation at sentencing and on appeal. He argued trial counsel "failed to correct the facts and mitigating factors leading up to the incident." "Specifically, there was an altercation between [him] and the victim. During this altercation, the victim brandished a knife and threatened [him]. [He] subsequently had no choice but to defend [himself]." He argued "trial counsel failed to highlight this and had he done so, [defendant] would have been sentenced to lesser time." Defendant did not identify any claims that were not raised on direct appeal.

After PCR counsel was appointed, defendant filed a supplemental brief arguing trial counsel failed to: (1) explore and present a diminished capacity or insanity defense; and (2) properly represent defendant at sentencing. Defendant also argued that counsel's cumulative errors denied his right to effective assistance of counsel.

Specifically, defendant argued "the evidence shows and suggests that [he] could assert a successful insanity defense" because he "had no criminal history, and he was emotionally distraught and fragile due to his upbringing, history of

5

child abuse and neglect, and the current lack of a job prospect," which "propelled [him] to commit an atrocious act." Trial counsel should have "explored the insanity defense and obtain[ed] an expert evaluation[,]" which could "at the very least, [have] be[en] used in negotiating a better plea offer." As to sentencing, defendant argued "had trial counsel persuaded the [] court that [d]efendant acted in self-defense, there could have been a sentence less than the negotiated [twenty-eight] years."

On March 25, 2024, the court heard oral argument. On October 11, 2024, the court entered an order denying defendant's petition supported by a written opinion. The court rejected defendant's claim that trial counsel failed to present a diminished capacity or insanity defense because he "present[ed] no evidence in his PCR petition of any mental disease or defect." "Mere descriptions of stressful life circumstances and upbringing are insufficient" to support such a claim "as they are vague and lack any expert corroboration."

The court also found defendant "failed to demonstrate [trial] counsel's performance [at sentencing] was below that expected of trial counsel." It concluded trial counsel "advocated for mitigating factors [seven] . . . , [eight] . . . , and [nine]" based on defendant's "upbringing and resulting familial pressures in detail" and "explained [defendant's] difficulties finding a job and

A-0901-24

his pending deportation if he did not secure one." In addition, defendant "had an opportunity to address the court and . . . read a letter apologizing to the victim's family[,]" but "did not raise self-defense or diminished capacity."

The court denied defendant's demand for an evidentiary hearing because he did "not establish a prima facie case for ineffective assistance of counsel as his claims . . . [were] too speculative, vague[,] and unsupported by the evidence." It determined defendant "simply [made] bald assertions without any corroboration or support."

On appeal, defendant raises the following points for our consideration.

> POINT I
>
> DEFENDANT IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO COMPLETE A REASONABLE CASE INVESTIGATION.
>
> POINT II
>
> TRIAL COUNSEL'S FAILURE TO COMPLETE A REASONABLE CASE INVESTIGATION PREVENTED HIM FROM EFFECTIVELY REPRESENTING DEFENDANT AT THE SENTENCING HEARING.
>
> POINT III
>
> THE PCR COURT FAILED TO CONSIDER AND RESOLVE DEFENDANT'S PRO SE CLAIM THAT

A-0901-24

HE RECEIVED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL (NOT RAISED BELOW).

"Where, as here, the PCR court has not conducted an evidentiary hearing, we review its legal and factual determinations de novo." State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020) (citing State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018)). "The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution both guarantee an accused in a criminal prosecution the right to the effective assistance of counsel." State v. Taccetta, 200 N.J. 183, 192-93 (2009) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J 42, 58 (1987)).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong Strickland test showing: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; accord Fritz, 105 N.J. at 58 (adopting the Strickland two-prong test). Failure to meet either prong of the Strickland/Fritz test results in the denial of a petition for PCR. State v. Parker, 212 N.J. 269, 280 (2012).

A-0901-24

The defendant must establish, by a preponderance of the credible evidence, that they are entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). Defendants must do more than make "bald assertions" of ineffective assistance. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Under the first prong, counsel's representation must be objectively unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). "The test is not whether defense counsel could have done better, but whether [they] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543. The court should review counsel's performance in the context of the evidence against defendant at the time of trial. State v. Castagna, 187 N.J. 293, 314 (2006). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

Under the "'second, and far more difficult, prong of the' Strickland standard," State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Preciose, 129 N.J. at 463), a defendant "'must show that the deficient performance prejudiced the

defense.'" State v. O'Neil, 219 N.J. 598, 611 (2014) (quoting Strickland, 466 U.S. at 687).  To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Gideon, 244 N.J. at 550-51 (alteration in original) (quoting Strickland, 466 U.S. at 694).

To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).  A defendant must show that, "had he been properly advised, it would have been rational for him to decline the plea offer and insist on going to trial and, in fact, that he probably would have done so." State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

Claims of ineffective assistance of appellate counsel must assert that errors existed at the trial level that could have been ascertained by appellate counsel's review of the record but were never raised as issues on appeal. See State v. Echols, 199 N.J. 344, 359-61 (2009).  To obtain a new trial based on ineffective assistance of appellate counsel, it must be established appellate

10

counsel failed to raise an issue that would have constituted reversible error on direct appeal. Id. at 361. Appellate counsel will not be found ineffective if counsel's failure to appeal the issue could not have prejudiced the defendant because the appellate court would have found either that no error had occurred or that it was harmless. State v. Reyes, 140 N.J. 344, 365 (1995); see also State v. Harris, 181 N.J. 391, 499 (2004).

A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. Preciose, 129 N.J. at 462-63. "A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that [their] claim . . . will ultimately succeed on the merits.'" State v. Porter, 216 N.J. 343, 355 (2013) (quoting R. 3:22-10(b)). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. Cummings, 321 N.J. Super. at 170. If there are disputed issues as to material facts regarding entitlement to PCR, a hearing should be conducted. State v. Pyatt, 316 N.J. Super. 46, 51 (App. Div. 1998).

We affirm substantially for the reasons set forth in Judge Young's written opinion. We add the following comments.

11

The court correctly determined defendant failed to satisfy either prong of the <u>Strickland</u> test. Defendant's claim that he had a viable diminished capacity or insanity defense is based on nothing more than bald assertions. There is no support in the record for such a defense, and defendant's testimony at the plea hearing, statement at sentencing, and his pro se petition for PCR, all contradict such a claim.

Defendant's claim that trial counsel failed to properly advocate for mitigating factors at sentencing lacks merit. Trial counsel argued strenuously in support of all potentially applicable mitigating factors. Defendant's claim that trial counsel failed to argue against the court's finding of aggravating factors is equally unavailing. The court found aggravating factor one based on the indisputably heinous nature of defendant's crime and aggravating factor nine based on the need to deter such offenses. Contrary to defendant's claim, defense counsel successfully argued for a sentence of twenty-eight years, which was less than the maximum sentence permitted under the plea agreement and recommended by the State. Defendant failed to establish any basis to find trial counsel was ineffective.

A-0901-24

Defendant's claim that appellate counsel failed to raise a meritorious issue is not persuasive. Defendant fails to identify any issue, much less a meritorious argument, that could have been raised on appeal but was not.

Even if defendant could demonstrate an error by trial counsel, he cannot satisfy the second prong of the Strickland test. Defendant does not contend that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. Nor could he establish it would have been reasonable for him to do so. In fact, defendant faced the very real probability of a significantly more severe sentence had he gone to trial.

Defendant's claim that he might have received a lesser sentence if counsel "correct[ed] the facts and mitigating factors leading up to the incident" at sentencing is based on nothing more than unsupported speculation. Moreover, trial counsel successfully argued for the application of mitigating factor seven and persuaded the court to impose a sentence below the maximum permitted under the plea agreement.

We are satisfied defendant did not establish a prima facie case of ineffective assistance. The court did not abuse its discretion by denying defendant's request for an evidentiary hearing and correctly denied his petition for PCR.

13

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0901-24